1  CHRISTOPHER J. HECK (State Bar No. 174647)
     check@wrslawyers.com
2  JOHNNY WHITE (State Bar No. 269306)
3     jwhite@wrslawyers.com
   WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
4  11400 West Olympic Boulevard, 9ᵗʰ Floor
   Los Angeles, California 90064-1582
5  Telephone: (310) 478-4100
   Facsimile: (310) 479-1422
6
7  Attorneys for Defendants Ultimate Action,
   LLC, Supreme Studios, LLC, TF
   Properties #2, LLC, TF Properties #3,
8  LLC and Theodore Fox

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12

13 | JANICE FOX, an individual,              | Case No.

14 |          Plaintiff,                      | **DEFENDANTS ULTIMATE ACTION LLC, SUPREME STUDIOS, LLC, TF PROPERTIES**
15 |        vs.                               | **#2 LLC, TF PROPERTIES #3, LLC, AND THEODORE FOX'S NOTICE**
16 | THEODORE FOX, an individual, and         | **OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES**
17 | as Trustee of the GERSON FOX AND         | **DISTRICT COURT UNDER 28**
   | GERTRUDE FOX FAMILY TRUST                | **U.S.C. §§ 1441(a) AND 1331**
   | and as Trustee of the BEARBIZ            | **[FEDERAL QUESTION**
18 | IRREVOCABLE TRUST; ULTIMATE              | **JURISDICTION]**
   | ACTION, LLC, a Nevada limited
19 | liability company; SUPREME
   | STUDIOS, a Nevada limited liability
20 | company; TF PROPERTIES #2, a
   | California limited liability company; TF
21 | PROPERTIES #3, a California limited
   | liability company; BARRY FOX, an
22 | individual; and DOES 1 through 50 and
   | ROE Entities 51 through 100;
23
24 |          Defendants,
25
26
27
28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER
28 U.S.C. §§ 1441(a) AND 1331 [FEDERAL QUESTION JURISDICTION]

1    TO PLAINTIFF JANICE FOX, HER ATTORNEYS OF RECORD, THE

2  CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE

3  UNITED STATES DISTRICT JUDGE, AS ASSIGNED:

4    PLEASE TAKE NOTICE that Defendants Ultimate Action LLC,

5  Supreme Studios, LLC, TF Properties #2 LLC, TF Properties #3, LLC, and

6  Theodore Fox ("Removing Defendants") submit this Notice of Removal based

7  on federal question pursuant to 28 U.S.C. §§ 1441(a) and 1331. The action is

8  hereby removed to this Court from the state court, as more particularly set forth

9  below.

10  ## I.    THE STATE COURT ACTION

11    On May 14, 2021, Plaintiff commenced a civil action in the Superior Court of

12  the State of California, for the County of Los Angeles, Case No. 21STCV18183 (the

13  "State Court Action"). A copy of the complaint filed in the State Court Action is

14  attached hereto as Exhibit "A". Removing Defendants have not appeared in the

15  State Court Action.  Attached collectively hereto as Exhibit "B" are all other

16  documents filed in the State Court Action which are in Removing Defendants'

17  possession.

18  ## II.    FEDERAL QUESTION JURISDICTION

19    Cases filed in state court may be removed to federal district court where the

20  district courts have original subject matter jurisdiction over the case. 28 U.S.C. §

21  1441(a). District courts "have original jurisdiction of all civil actions arising under

22  the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

23    "The existence of federal question jurisdiction is ordinarily determined from

24  the face of the complaint." *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers,*

25  *Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). Under the well-pleaded complaint rule, a

26  defendant may remove a case to federal court if "the plaintiff's complaint

27  establishes that the case 'arises under' federal law." *Franchise Tax Bd. v.*

28  *Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis omitted);

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER
28 U.S.C. §§ 1441(a) AND 1331 [FEDERAL QUESTION JURISDICTION]

1   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that federal

2   jurisdiction is appropriate when it is presented on the face of plaintiffs well-pleaded

3   complaint); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (same).

4   　　　A case "arises under" federal law when the complaint "establishes either that

5   federal law creates the cause of action or that the Plaintiff's right to relief

6   necessarily depends on resolution of a substantial question of federal law."

7   *Franchise Tax Bd.*, 463 U.S. at 27-28. It is well-established that a single claim over

8   which federal question jurisdiction exists is sufficient for removal. *Exxon Mobil*

9   *Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v.*

10  *International College of Surgeons*, 522 U.S. 156, 164-66 (1997). Further, district

11  courts have supplemental jurisdiction over related claims. 28 U.S.C. § 1367(a)

12  (providing in pertinent part that "in any civil action of which the district courts have

13  original jurisdiction, the district courts shall have supplemental jurisdiction over all

14  other claims that are so related to claims in the action within such original

15  jurisdiction that they form part of the same case or controversy under Article III of

16  the United States Constitution").

17  　　　This Court has jurisdiction of this case under 28 U.S.C. § 1331 because the

18  action contains allegations that Removing Defendants violated the Federal Civil

19  Rico Statute, 18 U.S.C. § 1962 (a), (b), (c), and (d). *See* Complaint in State Court

20  Action, pp. 45-47 (¶¶ 217-224).

21  　　　Accordingly, federal law applies because claims arising under the laws of the

22  United States, or "federal questions," are presented, which gives this Court

23  jurisdiction under 28 U.S.C. § 1331 and makes the State Court Action removable

24  under 28 U.S.C. § 1441(a) and (b).

25  **III.   TIMELINESS**

26  　　　This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because Ultimate

27  Action, LLC, TF Properties #2, LLC, and TF Properties #3, LLC were served

28  on July 11, 2021. Service was effected by substitute service on their agent for

1  service of process by leaving a copy of the summons and complaint at his

2  office on June 30, 2021 with a person apparently in charge and by mailing a

3  copy on July 1, 2021.  Service was deemed complete 10 days after mailing.

4  Cal. Civ. Proc. Code § 415.20(a).  As of the date hereof, service has not been

5  validly effected on Supreme Studios, LLC, for whom the 30-day deadline for

6  removal has not yet commenced to run.  *Destfino v. Reiswig, et al.,* 630 F.3d

7  952, 956 (9th Cir. Cal. 2011) ("we hold that each defendant is entitled to thirty

8  days to exercise his removal rights after being served"). Defendant Theodore

9  Fox was served pursuant to Cal. Civ. Proc. Code § 415.30 through execution

10  of a Notice and Acknowledgement of Receipt on August 9, 2021.  Thus, all of

11  the Removing Defendants are timely exercising their right to remove, and none

12  of them have appeared in the State Court Action.

13       All defendants who have been served join in this Notice of Removal.

14  **IV.   OTHER PERTINENT INFORMATION**

15       A.   Pursuant to 28 U.S.C. § 1446(a), Removing Defendants file this Notice

16  in the District Court of the United States for the district and division within which

17  the State Court Action is pending. As such, this case is being removed to the United

18  States District Court for the Central District of California, because the State Court

19  Action is pending in Los Angeles County.

20       B.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice with its

21  attachments will promptly be served on plaintiff in the State Court Action, and

22  notice thereof will be filed with the clerk of the Los Angeles County Superior Court.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4709729.1

-3-

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER
28 U.S.C. §§ 1441(a) AND 1331 [FEDERAL QUESTION JURISDICTION]

1    WHEREFORE, Removing Defendants hereby removes Los Angeles County

2  Superior Court Case No. 21STCV18183 to the United States District Court for the

3  Central District of California.

4                                    Respectfully submitted,

5  DATED: August 9, 2021            WOLF, RIFKIN, SHAPIRO,
                                     SCHULMAN & RABKIN, LLP
6

7

8                                    By:   _____/s/ Christopher J. Heck_____

9                                          CHRISTOPHER J. HECK
                                           JOHNNY WHITE
10                                   Attorneys for Defendants Ultimate Action,
                                     LLC, Supreme Studios, LLC, TF Properties #2,
11                                   LLC, TF Properties #3, LLC and Theodore Fox

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4709729.1
                                           -4-